**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Leisha Tringali</u>

    v.                                    Civil No. 14-cv-124-LM
                                          Opinion No. 2014 DNH 085
<u>Hannah Attuso, et al.</u>

**O R D E R**

    Leisha Tringali, appearing pro se and in forma pauperis,
brings suit against numerous named employees of the
Massachusetts Department of Revenue, Child Support Enforcement
Agency ("CSE"), and the Massachusetts Registry of Motor Vehicles
("the RMV"), as well as a number of unnamed "John Does," also
employees of CSE.  She sues all defendants in both their
official and individual capacities.  The suit arises from the
defendants' alleged failure to afford Tringali notice and a
hearing before attempting to enforce an allegedly illegal child-
support order against her and then suspending her driver's
license as a result of her failure to pay child-support
arrearages.  Tringali seeks relief under 42 U.S.C. § 1983 for
procedural due-process violations, and alleges that defendants
committed identity fraud and violated the Racketeer Influenced
and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").
She also alleges various acts of negligence on the part of
defendants for failing to take corrective action within CSE.

**Background**

The crux of plaintiff's complaint is that her due-process rights have been violated because she had no opportunity to challenge an order that she is obligated to pay child support. She claims that the child-support order required one "Leisha Eshbach" to pay child support.  Despite the fact that plaintiff states that she has never used the name "Leisha Eshbach," the arrearages and collection efforts have been directed at her. According to plaintiff, CSE employees who have acted in accordance with the purportedly illegal order have been depriving her of due process.  The complaint does not allege that defendants played any role in either issuing the child-support order or denying her an opportunity to be heard before the order's issuance.  Rather, each named defendant appears to be involved only in the post-hearing enforcement process.

In 2012, plaintiff filed a similar lawsuit against: (1) CSE; and (2) other state agencies including the RMV; and (3) Doug Comfort, an employee of CSE, who is also a named defendant in this case.  Although plaintiff has sued a different set of defendants here (with the exception of Comfort), the factual allegations in this complaint arise from the same nucleus of facts that gave rise to her 2012 case.  In a Memorandum and Order dated November 13, 2012, Judge Barbadoro granted the

defendants' motion to dismiss plaintiff's 2012 complaint, finding that the state agencies were entitled to Eleventh Amendment immunity from her claims for damages.  See Tringali v. Mass. Dep't of Trans. Asst., No. 12-cv-124-PB, 2012 WL 5683236 (D.N.H. Nov. 13, 2012) ("Tringali I").  Judge Barbadoro also dismissed plaintiff's claims against Comfort on the grounds that "she [had] not pleaded sufficient facts to show either that Comfort proximately caused the violations she allege[d] or that he has the power to implement an order granting her the relief" she [sought]."  Tringali I, 2012 WL 5683236, at *4.

### Factual Allegations

The background facts underlying plaintiff's history with CSE and the RMV are adequately summarized in Tringali I, and need not be repeated here.  A summary of plaintiff's allegations against each defendant in the instant lawsuit follows.

A. Hannah Attuso

While employed by CSE as an attorney in June of 2002, Attuso filed a motion before the Middlesex Probate and Family Court (Donnelly, J.) seeking financial information about Leisha Eshbach.  Attuso allegedly denied plaintiff due process "when deciding the amount of her child support obligation."

B. Amy Pitter

While serving as Commissioner of CSE in June of 2013, Pitter did not return a voicemail message plaintiff left for her.  Pitter then failed to take action (presumably in response to plaintiff's voicemail message) to ensure that plaintiff was the proper party on the child-support arrearage paperwork. Pitter allegedly conspired with other defendants (McGrath and Davis) to deprive plaintiff of access to a certain case record. Pitter then failed to provide plaintiff with her case records despite being copied on plaintiff's June 21, 2013, written request for those records.

C.  Laurie McGrath

While serving as Deputy Commissioner for CSE in June of 2013, McGrath did not return a voicemail message plaintiff left for her.  McGrath also sent plaintiff one of the notices informing her of "a new Income Order/Notice of Support." McGrath "retaliated against plaintiff by sending such notice" because of McGrath's alleged awareness of plaintiff's allegations against CSE and her pending appeal of Judge Barbadoro's ruling in Tringali I.

D.  Doug Comfort

In October of 2006, Comfort "intercepted [two] insurance claim settlement payment[s]" to plaintiff, each in the amount of

4

$5,000.  Comfort failed to respond to plaintiff's "demand letter" dated October 13, 2011, in which she alerted him to her due-process concerns.

### E.  Darrin Davis

While serving as a Child Support Enforcement Specialist at CSE in June of 2013, Davis failed both to respond to plaintiff's voicemail message in which plaintiff requested that he provide her with certain case records.  He also failed to assist or respond to plaintiff "through telephone calls, in face to face meetings, or in writing."

### F.  Mary Ellen Lembo

While serving as an employee of CSE on June 19, 2013, Lembo signed a "registration statement," attesting that, to the "best of her knowledge and belief," plaintiff had accrued child-support arrearages in a certain amount.  This statement was sent pursuant to a request from the New Hampshire Department of Health and Human Services, Division of Child Support.

### G.  FNU (first name unknown) Anilton

On June 23, 2010, the RMV received notice from CSE that plaintiff's license was to be suspended, effective July 3, 2010, for failure to pay child support.  While serving as an employee at the RMV in June of 2010, Anilton spoke with plaintiff and explained to her that the RMV did not have a copy of the order

but had only received a "computer generated notice" from CSE. Despite plaintiff's having explained that the order was "fraudulent," Anilton failed in his duty to "lift the suspension."  Anilton explained that once plaintiff cleared her obligations with CSE, she could return to the RMV and seek to have her license reinstated.

    H.  <u>Rachel Kaprielian</u>

While serving as Registrar of the RMV on June 23, 2010, Kaprielian sent Tringali a notice that the suspension of her driver's license would go into effect on July 3, 2010.

    I.  <u>John Does 1 & 2</u>

While employed at CSE on unspecified dates, John Doe 1 transferred plaintiff's social security number without her express authorization in an effort to assist John Doe 2, also employed by CSE, to create a "synthetic identity" so that CSE could obtain child-support payments from plaintiff.

    J. <u>John Doe 3</u>

While employed at CSE on March 24, 2003, John Doe 3 "levied $475.98" from plaintiff's bank account.

    K. <u>John Doe 4</u>

While employed at CSE on April 26, 2003, John Doe 4 intercepted an insurance-claim payment directed to plaintiff in the amount of $1327.50.

L.  John Doe 5

While employed at CSE on September 13, 2003, John Doe 5 "levied $1906.00" from plaintiff's bank account.

M.  John Doe 6

After plaintiff requested "administrative review" of the seizures of her money from CSE, John Doe 6 never gave plaintiff "proper notice of the outcome . . . ."

**Discussion**

When a court reviews a complaint filed by a plaintiff who is proceeding in forma pauperis and determines that it seeks monetary relief against a defendant who is immune from such relief, is frivolous, or fails to state a claim on which relief may be granted, "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); See also Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

7

To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  "[A]n adequate complaint must include not only a plausible claim but also a plausible defendant.  The plaintiff's complaint must include sufficient facts so that the court can conclude that the named defendant is responsible for the alleged misconduct."  Tringali I, 2012 WL 5683236, *4 (internal quotation mark and citations omitted).  "An allegation that is 'threadbare or speculative' will fail to cross the line between possible and plausible."  Id. (quoting Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)).

A. Claims Barred by Eleventh Amendment Immunity

Plaintiff seeks monetary relief against each defendant in his/her official capacity.  "[I]t is well settled," however, "that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."  Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009) (internal quotation marks and citation omitted).  That is, the Eleventh Amendment bars retrospective actions for damages under § 1983 against an unconsenting state, state agency, or state officers acting in their official capacities.

See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citations omitted); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (explaining that Congress did not abrogate states' Eleventh Amendment immunity under § 1983).

In Tringali I, Judge Barbadoro dismissed the claims for damages against Comfort in his official capacity, and the claims for damages against both CSE and the RMV, on grounds of Eleventh Amendment immunity.  Tringali I, 2012 WL 5683236, at *3.  For the same reasons that Judge Barbadoro dismissed those claims against the state-agency defendants in Tringali I, the claims for damages in this case that have been asserted against defendants in their official capacities are also subject to dismissal.  The Eleventh Amendment, however, does not bar plaintiff's claims for damages against the defendants she has sued in their individual capacities.[1]  A discussion of the remaining claims follows.

---

[1] Although plaintiff includes a request for prospective injunctive relief, her complaint does not make clear the basis on which she seeks, or the nature of, that relief.  The court construes her complaint as seeking retrospective relief, or money damages.

B. Claims Barred by the Statute of Limitations

Because federal law does not provide a limitation period for § 1983 claims, courts borrow the statute of limitations for personal-injury actions of the state where the federal claim is filed.  See Wilson v. Garcia, 471 U.S. 261, 276–80 (1985).  In New Hampshire, the limitation period for personal-injury actions is three years.  See N.H. Rev. Stat. Ann. § 508:4, I.  That period begins to run upon the occurrence "of the act or omission complained of," id., unless "the injury and its causal relationship to the act or omission was not discovered and could not reasonably have been discovered at the time of the act or omission," id.  Under those circumstances, the limitation period begins to run "at the time the plaintiff discovered, or, in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission as complained of."  Id.

In this case, plaintiff had three years from the date on which she became aware of her injury to file a § 1983 lawsuit against the defendants to whom she attributes her injury.  Here, the § 1983 claims against Attuso, Kaprielian, John Does 1-6, and the claim against Comfort based upon an allegation that he intercepted an insurance payment, clearly appear to have been filed outside the three-year limitation period and are,

10

therefore, subject to dismissal.  See Jones v. Bock, 549 U.S.
199, 215 (2007) (describing time-barred claim as subject to
dismissal for failure to state a claim, based upon 28 U.S.C. §
1915(e)(2)(B)(ii)); see also Hamilton v. Dineen, 17 F. App'x 7
(1st Cir. 2001) (affirming dismissal of time-barred claim as
frivolous, based upon 28 U.S.C. § 1915(a)(2)(B)(i)).

    C.  Due-Process Claims

    Plaintiff characterizes the actions of defendants as having
deprived her of her due-process rights.  To the extent plaintiff
is alleging that a defendant negligently violated her due-
process rights, such a claim is not actionable under § 1983.
See Daniels v. Williams, 474 U.S. 327, 335-36 (1986).  To the
extent plaintiff is alleging that a defendant intentionally
deprived her of a due-process right, such a claim is not
actionable under § 1983 where the state provides an adequate
post-deprivation remedy.[2]  See Hudson v. Palmer, 468 U.S. 517,
533 (1984); Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992).
Here, it is clear that Massachusetts provides individuals, such
as plaintiff, who contest an action to collect a child-support
arrearage, an avenue for seeking administrative and judicial

    [2] For purposes of this analysis, I assume that plaintiff has
sufficiently alleged both that she has a protected property
interest and that the conduct was committed by a person acting
under color of state law.  Lowe v. Scott, 959 F.2d 323, 334 (1st
Cir. 1992).

review.  See Mass. Gen. Laws. ("MGL") ch. 119A, § 16(c).  This
is also true for individuals who, like plaintiff, contest a
child-support enforcement action that results in the suspension
of the obligor's driving privileges.  See MGL ch. 119A, § 16(e).[3]

To sum up, plaintiff claims that her due-process rights
were violated by either negligent or intentional acts on the
part of the defendants.  For the reasons explained above, her
due-process claims are not cognizable under § 1983 and are
subject to dismissal.[4]  See 29 U.S.C. § 1915(e)(2)(B)(ii).

D.  RICO Claim

Plaintiff alleges a RICO conspiracy among several of the
defendants.  Her complaint, however, contains no facts that
could be construed as constituting a pattern of racketeering
activity as is required to state a civil RICO claim.  See Sys.
Mgmt., Inc. v. Loiselle, 303 F.3d 100, 103-04 (1st Cir. 2002)
(describing "pattern of racketeering activity" actionable in a

---

[3] Plaintiff asserts a claim that § 16(e) is
"unconstitutional."  Because plaintiff has offered neither
factual support nor legal argument for that claim, it is
dismissed.

[4] Plaintiff is not claiming that this is a case where the
statute gives the defendants "such unfettered discretion as to
remove this case from the reach of Parratt-Hudson."  San
Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465, 486
(1st Cir. 2012); see also Parratt v Taylor, 451 U.S. 527 (1981)
(holding that predeprivation process was not required where
state prison guard negligently destroyed property of prisoner);
Hudson, 468 U.S. 517 (extending Parratt to state prison guard's
intentional destruction of prisoner's property).

civil RICO suit).  For this reason, plaintiff's RICO claim is subject to dismissal.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claim that Defendants Committed Identity Theft

Plaintiff alleges that certain defendants committed the crime of "aggravated identity theft" by using her social security number without her permission to create the false identity that enabled defendants to levy her property and suspend her driving privileges.  Plaintiff has no right to have defendants criminally prosecuted.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution of another").  This claim is therefore subject to dismissal.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

### F. Claims that are Frivolous

Allegations that employees of a state agency failed to return plaintiff's phone calls, respond to a letter from plaintiff, or refused to meet with plaintiff face-to-face do not rise to the level of a cognizable federal or state claim and are frivolous.  Thus, to the extent that plaintiff asserts such claims against Pitter, McGrath, Comfort and Davis, those claims are subject to dismissal.  See 28 U.S.C. §§ 1915 (e)(2)(B)(i) & (ii).

13

G. State Law Claims

Because of all the federal claims in this action are subject to dismissal, the court declines to exercise its supplemental jurisdiction over the remaining state-law negligence claims.  See 28 U.S.C. § 1367(c)(3).

## Conclusion

For all of the reasons detailed above, the court finds that plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).  The court gives plaintiff thirty days from the date of this order to file an amended complaint or show cause why her complaint should not dismissed.  In the event plaintiff fails to amend her complaint to cure these deficiencies or fails to show cause why this complaint should not be dismissed, the court will dismiss her complaint in its entirety.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 24, 2014

cc:  Leisha Tringali, pro se